IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

EDDIE GRIMES, #186 427,              )
                                     )
        Plaintiff,                   )
                                     )
v.                                   )   CIVIL ACTION NO. 2:10-CV-521-TMH
                                     )              [WO]
LOUIS BOYD, *et al*.,                )
                                     )
        Defendants.                  )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This 42 U.S.C. § 1983 action is pending before the court on a complaint and amended complaint filed by Plaintiff, a state inmate currently incarcerated at the Easterling Correctional Facility ["Easterling"].  Plaintiff seeks to challenge the actions of correctional officials with respect to his classification as a restricted offender. Plaintiff also complains that Defendants placed false information in his  prison file which adversely affected his parole hearing held on May 12, 2010.  Plaintiff names as defendants Warden Louis Boyd, Classification Specialist Jameka Caffie, and Classification Supervisor Sherry Seals. For relief, Plaintiff  seeks monetary damages and a court order directing Defendants to remove him from the restricted offender classification, remove the false information from his prison file, and "reapply" him for another parole hearing.  (*Doc. Nos. 1, 14*.)

Pursuant to the orders of this court, Defendants filed answers,  special reports, and supporting evidentiary material addressing Plaintiff's claims for relief.  *(Doc. Nos. 19, 20, 23, 24.)*  The court then informed Plaintiff that Defendants' special reports may, at any time,

be treated as a motion for summary judgment, and the court explained to Plaintiff the proper manner in which to respond to a motion for summary judgment. Plaintiff filed a response to the  special reports filed by Defendants.  (*Doc. No. 26*.) This case is now pending on Defendants' motions for summary judgment.  Upon consideration of the motions, the evidentiary materials filed in support thereof, and Plaintiff' opposition to the motions, the court concludes that Defendants' motions for summary judgment are due to be granted.

## I.  STANDARD OF REVIEW

"Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine [dispute] as to any material fact and that the moving party is entitled to judgment as a matter of law.'"  *Greenberg v. BellSouth Telecomm., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007) (*per curiam*) (citation to former rule omitted); Fed.R.Civ.P. Rule 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.").[1]  The party moving for summary judgment "always bears the initial responsibility of informing the district court

---

[1]Effective December 1, 2010, Rule 56 was "revised to improve the procedures for presenting and deciding summary-judgment motions." Fed.R.Civ.P. 56 Advisory Committee Notes.  Under this revision, "[s]ubdivision (a) carries forward the summary-judgment standard expressed in former subdivision ©, changing only one word – genuine 'issue' becomes genuine 'dispute.'  'Dispute' better reflects the focus of a summary-judgment determination." *Id*.  "'Shall' is also restored to express the direction to grant summary judgment." *Id*.  Thus, although Rule 56 underwent stylistic changes, its substance remains the same and, therefore, all cases citing the prior versions of the rule remain equally applicable to the current rule.

of the basis for its motion, and identifying those portions of the [record, including pleadings, discovery materials and affidavits], which it believes demonstrate the absence of a genuine issue [- now dispute -] of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant may meet this burden by presenting evidence indicating there is no dispute of material fact or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322-324.

Defendants have met their evidentiary burden and demonstrated the absence of any genuine dispute of material fact. Thus, the burden shifts to Plaintiff to establish, with appropriate evidence beyond the pleadings, that a genuine dispute material to his case exists. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Celotex*, 477 U.S. at 324; Fed.R.Civ.P. 56(e)(3) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact by [citing to materials in the record including affidavits, relevant documents or other materials] the court may ... grant summary judgment if the motion and supporting materials -- including the facts considered undisputed -- show that the movant is entitled to it.") A genuine dispute of material fact exists when the nonmoving party produces evidence that would allow a reasonable fact-finder to return a verdict in its favor. *Greenberg*, 498 F.3d at 1263.

In civil actions filed by inmates, federal courts

must distinguish between evidence of disputed facts and disputed matters of professional judgment. In respect to the latter, our inferences must accord

> deference to the views of prison authorities.  Unless a prisoner can point to
> sufficient evidence regarding such issues of judgment to allow him to prevail
> on the merits, he cannot prevail at the summary judgment stage.

*Beard v. Banks*, 548 U.S. 521, 530, 126 S.Ct. 2572, 2578, 165 L.Ed.2d 697 (2006) (internal

citation omitted).  Consequently, to survive Defendants' properly supported motion for

summary judgment, Plaintiff is required to produce "sufficient [favorable] evidence" which

would be admissible at trial supporting his claims of constitutional violations.  *Anderson v.*

*Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); Rule 56(e), *Federal Rules of Civil Procedure*.

"If the evidence [on which the nonmoving party relies] is merely colorable ... or is not

significantly probative ... summary judgment may be granted."  *Id*. at 249-250.  "A mere

'scintilla' of evidence supporting the opposing party's position will not suffice; there must

be enough of a showing that the [trier of fact] could reasonably find for that party.  *Anderson*

*v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986)."  *Walker v.*

*Darby*, 911 F.2d 1573, 1576-1577 (11th Cir. 1990).  Conclusory allegations based on

subjective beliefs are likewise insufficient to create a genuine issue of material fact and,

therefore, do not suffice to oppose a motion for summary judgment.  *Waddell v. Valley Forge*

*Dental Associates, Inc.*, 276 F.3d 1275, 1279 (11th Cir. 2001); *Holifield v. Reno*, 115 F.3d

1555, 1564 n.6 (11th Cir. 1997) (plaintiff's "conclusory assertions ..., in the absence of

[admissible] supporting evidence, are insufficient to withstand summary judgment."); *Harris*

*v. Ostrout*, 65 F.3d 912, 916 (11th Cir. 1995) (grant of summary judgment appropriate where

inmate produces nothing beyond "his own conclusory allegations" challenging actions of the

defendants); *Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir. 1984) ("mere verification of party's own conclusory allegations is not sufficient to oppose summary judgment...."). Hence, when a plaintiff fails to set forth specific facts supported by requisite evidence sufficient to establish the existence of an element essential to his case and on which the plaintiff will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party. *Celotex*, 477 U.S. at 322 ("[F]ailure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."); *Barnes v. Southwest Forest Industries, Inc.*, 814 F.2d 607, 609 (11th Cir. 1987) (If on any part of the prima facie case the plaintiff presents insufficient evidence to require submission of the case to the trier of fact, granting of summary judgment is appropriate).

For summary judgment purposes, only disputes involving material facts are relevant. *United States v. One Piece of Real Property Located at 5800 SW 74th Avenue, Miami, Florida*, 363 F.3d 1099, 1101 (11th Cir. 2004). What is material is determined by the substantive law applicable to the case. *Anderson*, 477 U.S. at 248; *Lofton v. Secretary of the Department of Children and Family Services*, 358 F.3d 804, 809 (11th Cir. 2004) ("Only factual disputes that are material under the substantive law governing the case will preclude entry of summary judgment."). "The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case." *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003) (citation omitted). To demonstrate a genuine dispute of material fact, the party opposing

summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts....  Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine [dispute] for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986).  In cases where the evidence before the court which is admissible on its face or which can be reduced to admissible form indicates that there is no genuine dispute of material fact and that the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper.  *Celotex*, 477 U.S. at 323-324 (Summary judgment is appropriate where pleadings, evidentiary materials and affidavits before the court show there is no genuine dispute as to a requisite material fact); *Waddell*, 276 F.3d at 1279 (To establish a genuine dispute of material fact, the nonmoving party must produce evidence such that a reasonable trier of fact could return a verdict in his favor).

Although factual inferences must be viewed in a light most favorable to the nonmoving party and *pro se* complaints are entitled to liberal interpretation by the courts, a *pro se* litigant does not escape the burden of establishing by sufficient evidence a genuine dispute of material fact.  *Beard*, 548 U.S. at 525, 126 S.Ct. at 2576; *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990).  Thus, Plaintiff's *pro se* status alone does not mandate this court's disregard of elementary principles of production and proof in a civil case.  In this case, Plaintiff fails to demonstrate a requisite genuine dispute of material fact in order to preclude summary judgment.  *Matsushita*, 475 U.S. at 587.

## II. DISCUSSION

*A.  Restricted Offender Classification*

Plaintiff alleges that, despite his requests,  Defendants have failed to recommend him for removal from his current classification as a restricted offender in violation of his right to equal protection.  Defendants deny Plaintiff's claim and state that Plaintiff has never approached them to discuss the possibility of having the "R" suffix removed from his inmate classification status.  Defendants further indicate that responsibility for classifying inmates as restricted offenders is a task assigned to the Alabama Department of Corrections ["ADOC"] Central Review Board. ["CRB"] and Corrections Restrictions Review Committee ["CRRC"] and that the CRB assigned the "R" suffix to Plaintiff's inmate identification number ("AIS") on April 29, 2004.  The evidentiary materials submitted in support of Defendants' dispositive motion further reflect that Plaintiff is imprisoned pursuant to his convictions for attempted murder and first degree robbery (two counts). In accordance with the ADOC's classification rules and  regulations, the details underlying Plaintiff's crimes designate him as eligible for  classification as a restricted offender. (*Doc. No. 20, Exhs. A, B, B-1, B-2, B-3, C.*)

*i.  Equal Protection*

Plaintiff is entitled to no relief on his complaint that Defendants have denied him equal protection because they have recommended and approved the removal of other

inmates from restricted offender status with similar convictions as his, and/or granted them transfers, and/ or recommended them for work release but denied his requests for such treatment. (*Doc. No. 1.*) In order to establish a claim of discrimination cognizable under the Equal Protection Clause, "a prisoner must demonstrate that (1) he is similarly situated to other prisoners who received more favorable treatment; and (2) the state engaged in invidious discrimination against him based on race, religion, national origin, or some other constitutionally protected basis. *Jones v. Ray*, 279 F.3d 944, 946-47 (11th Cir. 2001); *Damiano v. Florida Parole and Prob. Comm'n*, 785 F.2d 929, 932-33 (11th Cir. 1986)." *Sweet v. Secretary, Department of Corrections*, 467 F.3d 1311, 1318-1319 (11th Cir. 2006). "[O]fficial action will not be held unconstitutional solely because it results in a ... disproportionate impact.... [An allegation] of ... discriminatory intent or purpose [related to a constitutionally protected interest] is required to [set forth] a violation of the Equal Protection Clause." *Village of Arlington Heights v. Metropolitan Housing Development Corp.*, 429 U.S. 252, 264-265 (1977). "'Discriminatory purpose' ... implies more than intent as volition or intent as awareness of consequences. It implies that the decision maker ... selected ... a particular course of action at least in part 'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group." *Personnel Administrator of Massachusetts v. Feeney*, 442 U.S. 256, 279 (1979) (footnote and citation omitted); *see also Hernandez v. New York*, 500 U.S. 352, 359 (1991). In a case such as this one, where Plaintiff challenges actions of correctional officials, exceptionally clear proof of discrimination is required.

*Fuller v. Georgia Bd. of Pardons and Paroles*, 851 F.2d 1307, 1310 (11th Cir. 1988). Moreover, mere differential treatment of similarly situated inmates, without more, fails to allege a violation of the Equal Protection Clause. *E & T Realty Company v. Strickland*, 830 F.2d 1107 (11th Cir. 1987), *cert. denied*, 485 U.S. 961 (1988); *McKleskey v. Kemp*, 481 U.S. 279, 292 (1987) (claims of mere disparity of treatment are insufficient to establish discrimination).

Plaintiff  fails to meet his pleading burden as he does not allege that Defendants subjected him to adverse treatment based on some constitutionally impermissible reason; rather, he simply makes the conclusory assertion that differential treatment resulted in an equal protection violation.  To the extent Plaintiff relies on the fact that some inmates other than himself have been removed from restricted offender status as the basis for this claim, as explained, the law is well settled that the mere differential treatment of inmates fails to constitute a violation of the Equal Protection Clause.  *E & T Realty*, *supra*.

Based on the foregoing, the court concludes that Plaintiff has failed to demonstrate that his claim of discrimination amounts to  an equal protection violation.  Defendants are, therefore, entitled to summary judgment on this claim.

*ii.  Due Process*

To the extent Plaintiff complains that the classification level assigned to him at Easterling is improper, he is likewise entitled to no relief.  An inmate confined in the

Alabama prison system has no constitutionally protected interest in the procedure affecting his classification level because the resulting restraint, without more, does not impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995).  Because Plaintiff has no constitutionally protected interest in the level of his custody classification, correctional officials may assign him to any classification level without implicating the protections of due process.  Accordingly, Defendants are due to granted  summary judgment on this claim.

### iii.  Conspiracy

Plaintiff contends that Defendants "acted jointly" to classify him as a restricted offender for no good reason. (*Doc. No. 1*.)  In order to establish a § 1983 conspiracy claim, "a plaintiff must show among other things, that Defendants 'reached an understanding to violate [his] rights.' " *Rowe v. Fort Lauderdale,* 279 F.3d 1271, 1283 (11th  Cir. 2002) (citation omitted) (brackets in original). This requires that Plaintiff provide more than a label or a conclusion. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555  (2007). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting

*Twombly,* 550 U.S. at 556)).  Plaintiff cannot rely on subjective suspicions and unsupported speculation but must provide  sufficient facts to show that an agreement was made.  *Id.* at 556.    In addition to pleading facts to show that an agreement was reached to deny Plaintiff's rights, an "underlying actual denial of [his] constitutional rights" must be shown. *Hadley v. Gutierrez,* 526 F.3d 1324, 1332 (11ᵗʰ Cir. 2008).

Here, Plaintiff's claim of conspiracy is, at best, a self serving, purely conclusory allegation that  fails to assert those material facts necessary to establish a conspiracy by Defendants. *See Fullman v. Graddick,* 739 F.2d 553, 556-57 (11ᵗʰ Cir. 1984) (holding that a conspiracy allegation that is vague and conclusory fails to state a claim upon which relief can be granted and is subject to dismissal).  Accordingly,  Plaintiff's conspiracy claim against the named defendants is due to be dismissed as it is insufficient to support a claim for relief under 42 U.S.C. § 1983.  *Iqbal*, 129 S.Ct. 1949; *Fullman*, 739 F.2d at 556-557.

### B.  False Information

Plaintiff claims that Defendants Seals and Boyd placed false information in his prison file which resulted in a decision by the Alabama Board of Pardons and Paroles to deny him parole at his May 12, 2010 parole hearing.  Specifically, Plaintiff asserts that Defendants placed information in his prison file indicating that he had been granted parole previously but "messed up," and he, therefore, did not need to be released on parole again.[2]  (*Doc. No. 14*.)

---

[2]Plaintiff is currently serving a life sentence with the possibility of parole for his convictions. (*Doc. No. 20, Exhs. B-1, B-2*.)

Defendants deny placing any false information in Plaintiff's prison file. Defendants' evidence further reflects that Plaintiff has been continuously imprisoned since March of 1996, that there are no comments in his progress reviews regarding parole, that Plaintiff's set-off letter from the Alabama Board of Pardons and Paroles lists no reason for his most recent denial of parole, and that the Alabama Board of Pardons and Paroles keeps their records regarding an inmate's parole history. (*Doc. No. 24, Exhs. D, E, F, G, G-1, G-2, G-3.*)

In *Monroe v. Thigpen*, 932 F.2d 1437 (11th Cir. 1991), the court considered a *pro se* inmate's complaint in which the inmate argued a deprivation of due process as a result of erroneous information in his prison file which the inmate alleged was used to deny him fair consideration for parole and minimum custody status. Monroe alleged that presentence report information indicating he had raped the victim of his crime was false. The defendants admitted the presentence information was false. Acknowledging that he had no liberty interest in parole, Monroe claimed a due process right to be fairly considered for parole. He contended that the defendants' reliance on admittedly false information in order to deny him parole or minimum security classification violated due process.

The *Monroe* court held that the defendants' reliance on admittedly false information to deny Monroe consideration for parole was arbitrary and capricious treatment violative of the constitution. In *Monroe*, however, the court was careful to distinguish its holding from its prior decision in *Slocum v. Georgia State Bd. of Pardons and Paroles*, 678 F.2d 940 (11th Cir. 1982).

-12-

Our holding today does not conflict with our earlier holding in *Slocum, supra*.
In *Slocum*, the plaintiff, who had been denied parole, made the conclusory
allegation that the Board must have relied upon erroneous information because
otherwise the Board would surely have granted him parole. *Slocum*, 678 F.2d
at 941. The plaintiff then sought to assert a due process right to examine his
prison file for the alleged errors.  Unlike the instant case, in *Slocum* the state
did not admit that it had relied upon false information in denying parole nor
did the plaintiff present any evidence that his prison file even contained any
false information. We held in *Slocum* that prisoners do not state a due process
claim by merely asserting that erroneous information may have been used
during their parole consideration. *Id.* at 942. We also determined that prisoners
do not have a due process right to examine their prison files as part of a
general fishing expedition in search of false information that could possibly
exist in their files. *Id.* In the case at bar, we are confronted with prison
authorities who admit that information contained in Monroe's files is false and
that they relied upon such information, at least in part, to deny Monroe parole
and to classify him as a sex offender. As we stated, the parole statute does not
authorize state officials to rely on knowingly false information in their
determinations. *Thomas [v. Sellers]*, 691 F.2d [487] at 489 [(11th Cir. 1982)].

*Monroe*, 932 F.2d at 1442.

*Slocum* controls the disposition of the instant case.  Defendants deny placing any false,

incorrect, or erroneous information in his prison file.  Plaintiff's mere contention that

Defendants' placed false information in his prison file is insufficient.[3]  His assertion of

erroneous information does nothing more than raise the possibility that information in his

---

[3]In his opposition, Plaintiff changes the nature of his false information claim by claiming that
Defendant Caffie sent false information to Doris Hancock, a representative of then Attorney General
Troy King, which caused him to be set-off from another parole consideration for five years. In an attempt
to support this assertion, Plaintiff has submitted an affidavit signed by one Aleetra Adair which states
that Ms. Hancock was present at Plaintiff's parole hearing and she told the Board members in attendance
that Plaintiff should not be paroled because he had been paroled once before and had "messed up." (*Doc
No. 26, Exh. A*.)  Not only is Plaintiff's false information claim against Defendant Caffie tenuous and
speculative at best, but it is completely different than the allegation of false information presented in the
complaint. Thus, even if the claim had any potential merit, and it does not for the reasons explained
herein, it is not properly before the court.

records may be false and this mere possibility fails to provide a basis for relief. *Monroe*, 932 F.2d at 1142. Requiring a trial or hearing every time a prisoner asserted that false information was the basis of prison official's decisions would involve the court in review of a multitude of decisions which traditionally are within the province of prison and /or parole authorities. *See Jones v. Ray*, 279 F.3d 944 (11th Cir. 2001) (while use of false information in a parole file can be a due process violation, prisoners cannot make a conclusory allegation regarding the use of such information as the basis of a due process claim).

The record in this case establishes that no ***admittedly*** false information appears in Plaintiff's prison file nor have Defendants placed any admittedly false information in his inmate file. Consequently, Plaintiff is entitled to no relief as a matter of law and summary judgment on this claim is due to be granted in favor of Defendants.

## III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Defendant s' motions for summary judgment (*Doc. No. 20, 24*), be GRANTED;

2. Judgment be ENTERED in favor of Defendants and against Plaintiff; and

3. The costs of this proceeding be taxed against Plaintiff for which execution may issue.

It is further

ORDERED that on or before **August 13**, **2012** the parties may file objections to the

-14-

Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 30th day of July, 2012.

_____/s/Charles S. Coody_____
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE